**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re:<br><br>　　　　　　GARY ALVIN COGHILL AND<br>　　　　　　SANDY JONES COGHILL,<br>Address:　P.O. Box 7<br>　　　　　　Port Royal, VA 22535-0007<br><br><br>　　　　　Debtor(s).<br><br>U.S. BANK TRUST, N.A., AS TRUSTEE FOR<br>LSF8 MASTER PARTICIPATION TRUST<br>　　　Plaintiff,<br><br>v.<br><br>GARY ALVIN COGHILL AND SANDY<br>JONES COGHILL,<br>Debtor(s)<br>SUZANNE E. WADE<br>Trustee<br>　　　Defendants. | CASE NO: 13-32527-KRH<br><br>CHAPTER 13 |

**ORDER RESOLVING MOTION FOR RELIEF**

Upon consideration of the Notice of Default filed by U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF8 MASTER PARTICIPATION TRUST, BY CALIBER HOME LOANS, INC., AS ITS ATTORNEY IN FACT., for relief from the automatic stay with respect to real property located at 25003 Tidewater Trail, Port Royal, VA 22535, and is more particularly described as follows:

　　　ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND TOGETHER WITH THE

　　　IMPROVEMENTS THEREON AND APPURTENANCES THERETO BELONGING OR

　　　IN ANYWISE THEREUNTO APPERTAINING, LYING, BEING AND SITUATE IN

T. Jackson Stewart, VSB# 48412
Brock & Scott, PLLC
484 Viking Dr., Ste. 203
Virginia Beach, VA 23452
757-213-2959
vaecf@brockandscott.com
*Counsel for the Movant*

PORT ROYAL MAGISTERIAL DISTRICT. CAROLINE COUNTY, VIRGINIA . LOCATED NEAR PORT ROYAL, CONTAINING IN AREA 1.7 ACRES. MORE OR LESS. AND BEING APPROXIMATELY 150 FEET WIDE AND 500 FEET ALONG AND BEING A PORTION OF LOT #TWENTY-FIVE ( 25) ON A PLAT OF HAZLEWOOD WHICH SAID PLAT IS RECORDED IN THE CLERK'S OFFICE OF THE CIRCUIT COURT OF CAROLINE COUNTY, VIRGINIA, IN DEED BOOK 9D , PAGE 293; AND BEING BOUNDED ON THE NORTH. EAST, SOUTH AND WEST BY THE LAND NOW OR FORMERLY OF A.J. GOULDMAN.

TOGETHER WITH A RIGHT OF WAY FOR INGRESS AND EGRESS 15 FEET WIDE ALONG THE ROAD AS PRESENTLY LOCATED TO THE PUBLIC ROAD (US ROUTE 17).

THIS CONVEYANCE IS MADE SUBJECT TO ANY AND ALL COVENANTS, CONDITIONS, EASEMENTS AND RESTRICTIONS AS ARE OF RECORD INSOFAR AS THEY MAY BE APPLICABLE TO THE PROPERTY HEREBY CONVEYED. TAX MAP OR PARCEL ID NO. : 12- A-16, TAX MAP OR PARCEL ID NO. : 12-A-16

Upon consideration of the foregoing, it is **ORDERED:**

1. The Debtor will resume making all future regular monthly installment payments, in the amount of $2,068.99, as they become due commencing May 13, 2016. Payments will include any late charges effective as of the May 13, 2016 payment, if applicable pending further notice from the Movant. The debtors have been advised of the settlement and the

Debtors' counsel advised movant that the Debtors are in agreement with the terms.

2. Consent by the Trustee to the proposed terms of this order does not constitute consent to the terms of any future amended plan, including the one contemplated herein, including but not limited to terms which propose to shorten the duration of the plan, lessen the amount of the plan payments or decrease the plan base of the existing plan.

3. Debtor's will amend the Amended Plan to properly treat the post-petition arrearage as stated on the Movant's Notice of Default and any Updated Payment History provided to Debtor's Counsel during the negotiation of this Consent Order, in the amount of $8,275.95 for payments due January 13, 2016 through April 13, 2016, plus attorney fees and costs in the amount of $50.00, for the total amount due of $8,325.95. The arrearage amount set forth herein is contingent upon the sufficient clearing of any previously applied post-petition funds. The Debtors will file an amended plan with pre-petition and the listed post-petition arrears within 30 days of the entry of this order.

    a. By entry of this Order, the Movant shall have leave to amend its Proof of Claim to include the pre-petition and post-petition arrears without filing a Motion to Allow a Late Proof of Claim within 30 days of the entry of this order.

4. In the first paragraph of the amended plan, in the space provided therefore, the amended plan shall clearly set forth that the plan is being amended to include payments of post-petition mortgage arrearages and general unsecured creditors may be affected by the modification.

5. In the event that any payment required by this order is not received by the movant within 15 days after it is due, the movant may mail a notice of default to the debtor by first class

mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The Notice of Default will state in simple and plain language the following:

a. That the Debtor is in default of not making at least one payment required under this order.

b. The date(s) and amount(s) of each missed payment and any late charge or other fee(s) necessary to cure the default;

c. The action necessary to cure the default, including any address to which payments must be mailed:

d. That the Debtor or Trustee must take one of the following actions within 14 (fourteen) days after the date of the mailing of the Notice of Default:

   i.   Cure the default;
   ii.  File an objection with the Court stating that no default exists; or
   iii. File an objection with the Court stating any other reason why an Order granting relief from the automatic stay should not be entered;

e. That if the Trustee or Debtor do not take one of the actions set forth in paragraph 5(d), the Movant may file a certificate that it has complied with the terms of this Order and that the Court may grant relief from the automatic stay without further notice to the Debtor; and

f. That if the automatic stay is terminated, the collateral may be sold at the foreclosure sale.

If the Trustee or Debtor, file an objection to the notice of default, the Movant must set the matter for hearing and give notice of the hearing to the Debtor, Counsel for

    Debtor and the Trustee. At the hearing, the Court may terminate the stay or take other action appropriate to the circumstances.

6. The provisions of this Order, with respect to regular monthly installment payments, expire one year after the date of entry of this order. In the event of the default in the payment of any regular monthly installment payments due more than one year after the date of entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

7. Until an order is entered terminating the automatic stay, the movant may not refuse to accept or apply payments tendered by the Debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

8. The automatic stay is modified to permit the Note holder or servicing agent to send the Debtor any payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business, but otherwise such stay shall remain in full force and effect until further order of the Court.

9. Should the Debtor default pursuant to the terms contained herein, unless otherwise ordered by this Court, Movant shall be entitled to reasonable attorney's fees in the amount of $150.00 for the issuance of a Notice of Default, and additional attorney's fees, not to exceed $150.00, for issuance of a certificate of default and preparation of an Order Terminating the Automatic Stay.

10. In the event of a default which results in the granting of Relief, the Chapter 13 Trustee

will be relieved of any and all obligation to remit payment incident to the arrearages set forth in the Proof of Claim filed by the Movant.

11. All future payments made pursuant to the terms of this order by the Debtor should be forwarded to the following address until further notice.

>   Caliber Home Loans
>   Attn: Cash Operations
>   P.O. Box 24330
>   Oklahoma City, OK 73124-0330

Once the debtor makes all of the stipulated payments and the regular monthly mortgage payments during the cure period as required in the Order, then all monthly payments, costs, fees and late charges shall be deemed current from the date of the filing of the bankruptcy through the date of the entry of the Order.

FURTHER ORDERED that the Movant shall promptly notify the Chapter 13 Trustee in writing of the results of any foreclosure of the subject deed and pay the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon further order of the Court.

ENTERED this ____ day of ____ 2016

Jun 1 2016

/s/ Kevin R. Huennekens
_____
JUDGE

**I ASK FOR THIS:**

Entered on Docket: Jun 2 2016

/s/ M. Christine Maggard
M. Christine Maggard, VSB# 33824
Brock & Scott, PLLC
484 Viking Dr. Ste 203
Virginia Beach, VA 23452
*Counsel for the Movant*

**SEEN & AGREED:**

<u>/s/ Walter L. Ragland authorized via email</u>
Walter L. Ragland
P. O. Box 675
Thornburg, VA 22565
*Counsel for Debtor*

**SEEN and observes the right to object to the amended plan:**


<u>/s/ Suzanne E. Wade authorized via email</u>
 Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218-1780
*Trustee*

## CERTIFICATE

I hereby certify that this proposed Order has been endorsed by all necessary parties involved in this proceeding.

/s/ M. Christine Maggard
M. Christine Maggard, VSB# 33824

The Clerk shall mail a copy of the entered Order to the following:

Walter L. Ragland
P. O. Box 675
Thornburg, VA 22565
*Counsel for Debtor*

Gary Alvin Coghill
Sandy Jones Coghill
P.O. Box 7
Port Royal, VA 22535-0007
*Debtor*

Suzanne E. Wade
P.O. Box 1780
Richmond, VA 23218-1780
*Trustee*

M. Christine Maggard
Brock & Scott, PLLC
484 Viking Dr., Ste. 203
Virginia Beach, VA 23452
*Counsel for the Movant*

## CERTIFICATE

The undersigned certified that the foregoing Order Resolving Relief from Stay is identical to the form order required by Administrative Order 10-2 and that no modifications, additions, or deletions have been made:

/s/M. Christine Maggard
Attorney for Movant